## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>*Plaintiff*,<br><br>v.<br><br>ALLIANCE PROPERTY SERVICES OF GEORGIA, INC.<br>SERVE:<br>Registered Agents Inc.<br>8735 Dunwoody Place, Suite R<br>Atlanta, GA 30350<br><br>*Defendant*. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No.: |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION'S COMPLAINT AGAINST DEFENDANT ALLIANCE PROPERTY SERVICES OF GEORGIA, INC.

Plaintiff National Railroad Passenger Corporation ("Plaintiff' or "Amtrak") by and through its attorneys, Landman Corsi Ballaine & Ford P.C., as and for its Complaint against Defendant Alliance Property Services of Georgia, Inc. ("Defendant"), alleges upon information and belief:

### NATURE OF ACTION

1.      This is a claim for damages and for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Plaintiff seeks compensatory and consequential damages from Defendant's breach of its contractual obligations to Plaintiff pursuant to contract and common law.  In addition, Plaintiff seeks a judicial determination of its rights and of the obligations and duties of Defendant with regard to a contract between the two.

## **PARTIES, JURISDICTION AND VENUE**

2.      At all material times, Plaintiff Amtrak, was, and now is, a Congressionally created corporation created under the Rail Passenger Services Act, 49 U.S.C. § 24301, *et seq.*, and operates as a common carrier by rail engaged in interstate commerce in various states, with its principal place of business located in the District of Columbia.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1349 on the grounds that Amtrak is a corporation created by Act of Congress, 49 U.S.C. §§ 24101, *et seq.*, and more than one-half of its capital stock is owned by the Government of the United States. Amtrak has a principal place of business located in the District of Columbia.

4.      Venue in this District is proper under 28 U.S.C. § 1391(b).

5.      Venue in this District is also proper under 28 U.S.C. § 1404(a), as Defendant consented to personal jurisdiction in this District by agreement with Amtrak.

6.      Upon information and belief, Defendant is a company organized under the laws of the State of Georgia with its principal place of business located at 66 South 400 Center Lane, Suite 205, Dawsonville, GA 30534.

7.      Plaintiff files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

8.      An actual case and controversy of justiciable nature exists between the parties involving the rights and obligations of the parties pursuant to a contract between them and under the common law.

9.      Plaintiff is therefore entitled to bring this declaratory relief action in this Court.

## FACTUAL ALLEGATIONS

10.     At least as of April 28, 2021, Plaintiff and Defendant were in a contractual relationship pursuant to a written contract ("Contract") for the performance of snow and ice removal services at various Amtrak train stations, including the train station located at 210 West Main Street, Ottumwa, Iowa 52501 ("Ottumwa Station").

11.     Pursuant to the Contract, Defendant agreed to remove snow and ice from the platforms at Ottumwa Station, among other things.

12.     The Contract was renewed continually to at least March 2025 and including on January 18, 2024, during which time Defendant provided Plaintiff with such snow and ice removal services pursuant to the Contract.

13.     On January 18, 2024, Defendant performed snow and ice removal services at Ottumwa Station and thereafter accepted payment for those services.

14.     The underlying Contract incorporated by reference Amtrak's Form 69, Conditions of Purchase ("Conditions of Purchase").  A copy of the Conditions of Purchase is annexed hereto as **Exhibit A**.

15.     The Conditions of Purchase includes a provision under which Defendant agrees to defend, indemnify and hold harmless Plaintiff in connection with any tort claim made against Plaintiff arising "from activities of or work performed by Contractor, Contractor Agents, or any other person action for or with the permission of Contactor under the Order, or as a result of Contractor's failure to perform its obligation in compliance with this Order."  The pertinent language of the Contract is as follows:

> 39. **INDEMNIFICATION.**
> (A) Contractor agrees to defend, indemnify and hold harmless Amtrak, its officers, directors, employees, agents, successors, assigns and subsidiaries (collectively **"Indemnified Parties"**), from and against any claims, losses, liabilities (including

3

without limitation environmental liabilities), penalties, fines, causes of action, suits, costs and expenses incidental thereto, (including costs of defense and attorneys' fees) (collectively "**Indemnified Claims**"), which any of the Indemnified Parties may hereafter incur, be responsible for or pay as a result of breach of warranty, breach of contract, employment, tort or statutory claims, injury or death of any person, or damage to or loss (including loss of use) of any property, including property of the parties hereto, arising out of or in any degree directly or indirectly caused by or resulting from the Supplies or Services, or from activities of or work performed by Contractor, Contractor Agents, or any other person acting for or with the permission of Contractor under the Order, or as a result of Contractor's failure to perform its obligations in compliance with this Order.

*See* **Ex. A**.

16. On December 23, 2024, Michel-Antoine Nicolas, an employee of Plaintiff, commenced a civil action in the Circuit Court of the City of St. Louis, State of Missouri, captioned *Michel-Antoine Nicolas v. National Railroad Passenger Corporation d/b/a Amtrak*, Case No.: 2522-CC00015 ("Nicolas Action"), by filing a Petition naming Amtrak as a defendant. The Petition was amended on February 13, 2025 ("First Amended Petition"). A copy of the First Amended Petition is annexed hereto as **Exhibit B**.

17. In the First Amended Petition, Nicolas claims, in part, that, on January 18, 2024, during the course of his employment as a train attendant for Plaintiff, he was injured "when his [*sic*] had to place a step box in snow, which flipped when he stepped on it causing his [*sic*] to experience a sharp pain resulting in injuries." *See* **Ex. B**.

18. The First Amended Petition further states that Nicolas's injuries and damages were directly caused by Plaintiff's failure to maintain walkways and platforms and to provide him with a reasonably safe place to work.

19. The incident alleged in the First Amended Petition occurred at Amtrak's Ottumwa Station.

20.     On the date of the incident alleged in the First Amended Petition, Defendant was obligated under the Contract to properly clear snow and ice from the platform at Ottumwa Station, and any alleged injury to Nicolas resulting from an accumulation of snow and/or ice on the platform was directly caused by Defendant's failure to perform its contractual obligations.

21.     The allegations set forth in the First Amended Petition invoke Defendant's contractual duty contained in Section 39 of the Conditions of Purchase to defend, indemnify, and hold harmless Plaintiff against Nicolas' claim for personal injury.

22.     Plaintiff has incurred and continues to incur both defense and indemnity costs as a result of the Nicolas Action.

23.     Plaintiff has demanded that Defendant indemnify, defend, and hold harmless Plaintiff with respect to the claims presented in the Nicolas Action.

24.     Despite several requests, Defendant has refused and failed to provide a defense and indemnification to Plaintiff and to hold it harmless relative to the Nicolas Action, in violation of its contractual obligations.

<u>**COUNT I**</u>

**BREACH OF CONTRACT**

25.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 as if more fully set forth at length herein.

26.     Defendant has breached its duty to indemnify Plaintiff.

27.     Defendant has breached its duty to defend Plaintiff.

28.     Defendant has breached its duty to hold Plaintiff harmless.

29.     As a direct and proximate result of Defendant's breach of its duties to indemnify, defend, and hold Plaintiff harmless, it has suffered damages.  Plaintiff seeks recovery of such

damages, including any settlement amount, along with prejudgment and post-judgment interest to the extent permitted by law.

## COUNT II

### BREACH OF CONTRACT

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if more fully set forth at length herein.

31.     At all times relevant to the Nicolas Action, Defendant owed Plaintiff a duty to perform its snow and ice removal services, including a duty to maintain all areas clear of ice and snow.

32.     The area where Nicolas claims he was injured is included in the area that Defendant was required to keep free and clear of ice and snow.

33.     Defendant failed to fulfill its contractual snow and ice removal obligations at the Ottumwa Station, including at or near the location of Nicolas's alleged accident.

34.     If Nicolas was caused to be injured in said accident as alleged in the First Amended Petition, said injury arose out of, was at least in some degree directly or indirectly caused by, or resulted from tools, products or equipment supplied by, activities of, or work performed by Defendant, Defendant's officers, employees, agents, servants, sub-contractors or some other person acting for or with the permission of Defendant, or as a result of Defendant's failure to perform its obligations in compliance with the Contract.

35.     Pursuant to the Contract, Defendant is liable to Plaintiff for all of its attorneys' fees and costs.

36.     If Plaintiff is found liable to Nicolas in the Nicolas Action, Defendant is liable for said judgment pursuant to the Contract.

37. If Plaintiff settles the Nicolas Action, Defendant is liable for the settlement amount pursuant to the Contract.

## COUNT III

### BREACH OF CONTRACT

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if more fully set forth at length herein.

39. At all times relevant to the Nicolas Action, Defendant owed Plaintiff a duty to perform its snow and ice removal services, including a duty to maintain all areas clear of ice and snow.

40. The area where Nicolas claims he was injured is included in the area that Defendant was required to keep free and clear of ice and snow.

41. Defendant failed to fulfill its contractual snow and ice removal obligations at the Ottumwa Station, including at or near the location of Nicolas's alleged accident.

42. If the incident occurred as Nicolas alleges and if Nicolas was injured as alleged, and his injury was due to reasons other than or in addition to his own negligence, carelessness, and failure to take all reasonable and necessary precautions to prevent injury to himself, then Defendant is and was responsible, pursuant to the Contract, for failing to provide road salt and ice melt and otherwise keep the area free and clear of ice and snow as required by the Contract.

43. Any damages suffered by Plaintiff related to the Nicolas Action, including but not limited to judgment, settlement, attorneys' fees, and costs, are the direct and proximate result of Defendant's breach of the Contract, including its failure to properly provide road salt and ice melt and to keep the area free and clear of ice and snow.

44. Therefore, Defendant is liable for any judgment or settlement amount in the Nicolas Action.

## COUNT IV

## BREACH OF CONTRACT

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 as if more fully set forth at length herein.

46. Pursuant to the Contract, Defendant was contractually obligated to obtain and maintain insurance coverage as it relates to the work that Defendant performed pursuant to the Contract.

47. Defendant was obligated by the Contract to maintain certain insurance policies for the benefit of Plaintiff, which policies, inter alia, were required to name Plaintiff as an additional insured with a waiver of subrogation, and Defendant failed to have said insurance policies in place on the date of the accident.

48. In breach of the Contract, Defendant did not have the required insurance coverage with the required terms and conditions in place at the time of the accident.

49. In breach of the Contract, Defendant did not have in place certain insurance policies for the benefit of Plaintiff.

50. By reason of the foregoing, Defendant is liable to Plaintiff on the basis of breach of contract, and is required to defend, indemnify and insure Plaintiff against all claims and judgments in the Nicolas Action, and to reimburse Plaintiff for reasonable attorneys' fees and costs, including, but not limited to, settlement, incurred in its defense of the Nicolas action and in prosecuting this lawsuit.

## COUNT V

### CONTRIBUTION

51.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 as if more fully set forth at length herein.

52.     If Nicolas was caused to sustain damages at the time and place set forth in the First Amended Petition through carelessness, recklessness and/or negligence other than Nicolas's own conduct, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission by Defendant and Defendant's officers, agents, servants, employees, and/or subcontractors.

53.     Therefore, if Nicolas should recover judgment against Plaintiff in the Nicolas Action, then Defendant shall be liable to Plaintiff on the basis of apportionment of responsibility for the alleged occurrence and Plaintiff is entitled to contribution from and judgment over and against Defendant for all or part of any verdict or judgment which Nicolas may recover in such amounts as a jury or the Court may direct.

## COUNT VI

### COMMON LAW INDEMNITY

54.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 53 as if more fully set forth at length herein.

55.     If Nicolas was caused to sustain damages at the time and place set forth in the First Amended Petition through any carelessness, recklessness and/or negligence other than Nicolas's own conduct, such damages were sustained in whole due to the primary and active carelessness, recklessness and negligence and/or negligent acts of omission or commission by Defendant,

Defendant's officers, agents, servants, employees, and/or sub-contractors with the negligence of Plaintiff, if any, being secondary, derivative and by operation of law.

56. Further, if Nicolas should recover judgment against Plaintiff in the Nicolas Action, then Defendant shall be liable to indemnify Plaintiff in whole for the amount of any recovery obtained by Nicolas against Plaintiff as a jury or the Court may direct.

57. By reason of the foregoing, Defendant will be liable to indemnify and pay defense costs, disbursements, expenses, settlement, and attorneys' fees to Plaintiff in whole for the amount of any recovery obtained by Nicolas against Plaintiff as a jury or the Court may direct.

## COUNT VII

## CLAIM FOR DECLARATORY JUDGMENT

58. Defendant incorporates by reference Paragraphs 1 through 56 above.

59. A justiciable controversy exists between Plaintiff and Defendant with respect to the duty of Defendant to defend, indemnify, and hold it harmless with regard to the lawsuit. The issuance of declaratory relief will likely terminate the existing controversy between the parties.

60. Plaintiff demands a declaratory judgment (i) declaring that Defendant is obligated to pay all sums that Plaintiff expends in settlement or judgment in response to the Nicolas Action; (ii) declaring that Defendant is obligated to defend Plaintiff in full and/or pay all defense related costs, including attorneys' fees and supplemental expenses, including settlement, with respect to the Nicolas Action; and (iii) awarding the Plaintiff interest and attorneys' fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

**WHERFORE**, Plaintiff requests that this Court:

1. Enter judgment on Count I in favor of Plaintiff against Defendant (i) awarding to Plaintiff the damages it has sustained in an amount established through proof at trial and (ii)

awarding to Plaintiff interest and attorney's fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

2.    Enter judgment on Count II in favor of Plaintiff against Defendant (i) awarding to Plaintiff the damages it has sustained in an amount established through proof at trial and (ii) awarding to Plaintiff interest and attorney's fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

3.    Enter judgment on Count III in favor of Plaintiff against Defendant (i) awarding to Plaintiff the damages it has sustained in an amount established through proof at trial and (ii) awarding to Plaintiff interest and attorney's fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

4.    Enter judgment on Count IV in favor of Plaintiff against Defendant (i) awarding to Plaintiff the damages it has sustained in an amount established through proof at trial and (ii) awarding to Plaintiff interest and attorney's fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

5.    Enter judgment on Count V in favor of Plaintiff against Defendant (i) awarding to Plaintiff damages based on the apportionment of responsibility for the alleged occurrence for all or part of any verdict or judgment which Nicolas may recover in an amount established through proof at trial and (ii) awarding to Plaintiff interest and attorney's fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

6.    Enter judgment on Count VI in favor of Plaintiff against Defendant (i) awarding to Plaintiff the damages it has sustained in an amount established through proof at trial and (ii) awarding to Plaintiff interest and attorney's fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

11

7.       Enter judgment on Count VII in favor of Plaintiff against Defendant (i) declaring that Defendant is obligated to pay all sums that Plaintiff expends in settlement or judgments in response to the Nicolas Action; (ii) declaring that Defendant is obligated to defend Plaintiff in full and/or pay all defense related costs, including attorneys' fees and supplemental expenses, with respect to the Nicolas Action; and (iii) awarding the Plaintiff interest and attorneys' fees and other costs incurred by Plaintiff in prosecuting this action against Defendant, to the extent permitted by law.

8.       Grant such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this matter.

Dated: April 14, 2026

Respectfully submitted,

**LANDMAN CORSI BALLAINE & FORD P.C.**

*Jerry A. Cuomo*

Jerry A. Cuomo, Esq.
Sophia Ree, Esq. (*Admission pending to the United States District Court for the District of Columbia*)
Landman Corsi Ballaine & Ford P.C.
One Gateway Center, 22nd Floor
Newark, NJ 07102
Tel. (973) 623-2700
Fax (973) 623-4496
(D.C. Bar No. NY0168)

*Attorneys for Plaintiff National Railroad Passenger Corporation*

12